IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**CYNTHIA PERRY,**

      Plaintiff,

v.

**CASH APP CORPORATION,
CHIME FINANCIAL, LLC**

      Defendants.

NEW ACTION

No. 21-cv-02-JB-C

FILED JAN 4 '21 AM 11:51 USDCALS

## CIVIL COMPLAINT
## DEMAND FOR JURY

1. Plaintiff hereby makes her demand for trial by jury.

*PARTIES*:

*Plaintiff:*

2. Plaintiff is CYNTHIA PERRY, and currently resides at 2104 Wolf Ridge Road, Apt. #4, Whistler, Alabama 36612, and is a natural person as defined by Regulation E in 12 C.F.R. 1005.2(j).

3. Other Class plaintiffs have yet to be added pending the filing of a motion to so move.

***DEFENDANTS***:

*Defendant Number One:*

4. CASH APP CORPORATION is Defendant Number One in this case, whose registered business address is: 1455 Market Street, Suite 600, San Francisco, California 94103, but who does business in both the state of Florida and Alabama, *among others.*

*Defendant Number Two:*

5. Defendant Number Two is CHIME FINANCIAL LLC, whose registered business address is:   P.O. Box 417, San Francisco, California 94104 (415) 323-5154, but who does business in both the state of Florida and Alabama, *among others.*

***INTRODUCTION***:

6. The stated purpose of the *Electronic Fund Transfers Act*, 15 U.S.C. Sec.1693, et seq. ("EFTA"), is to *"provide a basicd framework establishing the rights, liability, and responsibilities of participants in electronic fund tranfer systems."*  15 U.S.C. Sec.1963(b), EFTA'S primary objective . . . .is the provision of individual consumer rights." *Id.* Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at prooting disclosure, preventing fruad, and allocating liability. *Id.*, at 1963d-1. EFTA'S ambit extends to the regulation of ATM transactions, 15 U.S.C. Sec.1963a(6).

7. CYNTHIA PERRY, by and through herself, but with all assistance of         KEVIN FOSTER listed in the above shown capture, brings this action to challenge the actions of Defendant CHIME FINANCIAL, INC. and CASH APP CORPORATION [Defendants] with regard to singular and multiple unauthorized or unlawful electronic funds transfers.

8. The plaintiffs make these allegations upon information and belief, wih the exception those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

9. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety, or as otherwise indicated.

10. Unless otherwise stated, all the conduct engaged in by Defendant took place in the state of Alabama.

11. Any violations by Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

12. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, subrogees, representatives, and insurers of Defendant's named.

## *JURISDICTION AND VENUE:*

13. Jurisdiction of this Court arises pursuant to 15 U.S.C. Sec.1963; and 28 U.S.C. Sec.1367 for supplemental State claims. ***See also 28 U.S.C. Sec.1331***.

14. This action arises out of Defedant's violations of (i) the *Electronic Fund Transfers Act, 15 U.S.C. Sec.1963, et seq. ("EFTA"); and, (ii) conversion.*

15. Because Defendants conduct business within the State of Alabama, personal jurisdiction is esatablished.

16. Venue is proper pursuant to 28 U.S.C. Sec.1391 for the following reasons: (i) plaintiffs reside within this judicial district; (ii) the conduct complained of herein occurred wihtin this judicial district; and, (iii) Defendant conducted business wthin this judicial district at all times relevant.

## **FACTUAL ALLEGATIONS**

17. At all relevant times herein, plaintiffs were and are individuals residing within the State of Alabama.

18. Both plaintiffs account with the Defendants constituted and constitutes an "account" as defined by 15 U.S.C. Sec.1693a(2); and, 12 C.F.R. Sec.1005.2(b)(1).

19. In the early part of July of 2020, Plaintiff CYNTHIA PERRY was contacted by Cash App, informing her that Cash App no longer would maintain her account allegedly because it exceeded a $10,000.00 limit and instructed her that she must close the account and transfer her funds to whatever agency she desired.

20. On July 11, 2020, Plaintiff PERRY complied with the instructions by initiating a transfer of the $14, 975.82 she maintained with Defendant Cash App.

21. To this date, those funds have not been delivered to CHIME FINANCIAL LLC, the agency selected by Plaintiff PERRY to transfer the funds to.

22. To this date, Cash App refuses to return the funds, by denying possession thereof.

23. Further, Cash App refuses to offer any assistance or support in effort to ascertain the whereabouts of the funds since Cash App denies possession, claiming that the funds were delivered to CHIME FINANCIAL, while CHIME claims that it never received the funds and thus have not posted the funds to Plaintiff PERRY'S account with Chime.

24. Plaintiff have filed numerous complaints with CASH APP as well as CHIME, yielding no result whatever.

25. Plaintiff PERRY made many phone calls and dispatched many emails in an attempt to resolve this matter, with Defendant most often talking in circles and allegedly investigating, and then weeks to a month later, the same claim that the matter was being investigated, until finally Plaintiff PERRY was told that there was nothing that could be done.

26. Defendant would tell out- right lies and falsehoods regarding the whereabouts of the $14,975.82.

27. Plaintiff also filed a complaint with the *Consumer Financial Protection Bureau [c.f.p.b.]* which was summarily denied by deferring to Defendant CASH APP.

28. Defendant did not make a good faith effort to locate the funds.

29. It is axiomatic that the taking of the $14,975.82 was not authorized to be withdrawn and therefore was not authorized to be stolen from plaintiff PERRY'S Account.

30. Plaintiff PERRY fully presented to Defendants an opportunity to provide a reasonable articulation of rejecting plaintiff's dispute regarding the funds.

31. Defendant CASH APP did not dispute the plaintiff's ownership of said account and therefore the funds of $14,975.82 contained therein.

32. Defendant never advanced any reason that the funds did not belong to the plaintiff, but simply took the funds.

33. Despite all this, Defendant did not even attempt to resolve this matter, instead digging in as though defendant had a right to take plaintiff's funds.

34. Defendant's responses failed to articulate any explanation as to the whereabouts of the $14,975.82 which belonged and belongs to plaintiff.

35. Defendant did not make a good faith investigatio of the disappearance of the funds at issue.

36. Defendant knowingly and willingly obstructed any investigation as to the whereabouts of plaintiff's funds, and concluded without any support whatever, that plaintiff's account was not in error regarding the missing $14,975.82..

37. Defendant knowingly and willfully did these things without a reasonable interpretation of the evidence presented as to its position, as there is no inferences which could be drawn from the evidence presented that plaintiff was not robbed of her money or otherwise deprived of the use of her funds.

38. Through this conduct, Defendant violated 15 U.S.C. Sec.1963g(a).

39. Defendant imposed liability on plaintiff for the entirety of the disputed funds transac

tion.

40. The abovementioned transaction was an unauthorized transaction because it failed to arrive at the designated place where instructed by plaintiff to be transferred.

41. Defendant took plaintiff's personal funds from plaintiff's account, thereby taking possession of, and assuming control over, monies owned by plaintiff for Defendant's personal gain.

42. By failing to establish protective procedures for customers such as plaintiff, permitting or causing the disappearance of the funds, Defendant deprived and/or prevented plaintiff access to her own account and funds.

43. Such conduct amounted and amounts to civil theft of plaintiff's property in violation of common law conversion.

44. Through this conduct, Defendant took funds from Plaintiff's bank account.

45. Through this conduct, Defendant intentionally took funds from Plaintiff's bank account.

46. At all relevant times, Plaintiff owned and/or had full possessory rights over the funds in Plaintiff's bank accout.

47. At all relevent times, Defendant had no possessory rights over the funds in plaintiff's account.

48. Defendant prevented Plaintiff from having access to said accout and fully deprived Plaintiff of any possessory rights or enjoyment of Plaintiff's chattels or monies described above.

49. Through this conduct, Defendant acted in a manner that was oppressive, fraudulent, malicious and outrageous.

50. Through this conduct, Defendant harmed Plaintiff by wholly depriving Plaintiff of the full use, value and enjoument of the chattels or monies described above.

51. Through this conduct, Defendant further caused Plaintiff to suffer emotional distress.

52. The conduct of Defendant was a substantial factor in Plaintiff this emotional distress and the harm described above in an amount to be proven at trial.

53. Through this conduct, Defendant committed conversion.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I.

### VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT
### 15 U.S.C. Sec. 1693, et seq. (EFTA)

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and ommissions constitute numerous and multiple violations of EFTA.

56. As a result of each and every violation of EFTA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. Sec.1693m(a)(a)(1); statutory damages pursuant to 15 U.S.C. Sec.1693m(a)(2)(A); treble damages pursuant to 15 U.S.C. Sec.1793f, and reasonable attorney's fees and costs pursuant to 15 U.S.C. Sec.1693m(a)(3).

### COUNT II:

### CONVERSION

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**PLAINTIFF IS ENTITLED TO PUNITIVE AND EXEMPLARY AS WELL AS TREBLE DAMAGES IN AN AMOUNT TO BE ESTABLISHED AT TRIAL.**

### COUNT III:

### DUE PROCESS OF LAW

58. Defendant violated plaintiff's right to due process of law in failing to properly investigate the missing money, after having provided avenue of dispute,

59. Defendant violated plaintiff's right to due process of law in intentional permitting all mentioned factual allegations, as well as deliberately thwarting plaintiff's effort to obtain her own funds.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff prays that Judgment be entered each Defendant for:

1. An award of actual damages pursuant to 15 U.S.C. Sec.1693m(a)(1) for Plaintiff;

2. An award of statutory damages of no less than $100 nor more than $1,000.00 pursuant to 15 U.S.C. Sec.1693m(a)(2)(A) for Plaintiff;

3. An award of treble damages pursuant to 15 U.S.C. Sec.1693f;

4. An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.1693m(a)(3);

5. General damages according to proof for Plaintiff

6. Special damages according to proof for Plaintiff;

7. Loss of earnings according to proof for Plaintiff;

8. Any and all other relief to which Plaintiff might be entitled to or as found by this court as it deems just and proper.

Dated: 12/30/2020

Cynthia Perry, Plaintiff In Pro Se
2104 Wolf Ridge Road, Apt #4
Whistler, Alabama 36612
(251) 635-8056
cynthiaperry55@gmail.com

## AFFIRMATION IN SUPPORT OF COMPLAINT

Plaintiff herein, CYNTHIA PERRY hereby affirm that all the within factual allegations contained in the attached Civil Complaint are true and accurate to be of my knowledge, information and belief, and are made under the PENALTY OF PERJURY.

Dated: 12/30/2020

*Cynthia Perry*
Cynthia Perry, Plaintiff In Pro Se
2104 Wolf Ridge Road, Apte #4
Whistler, Alabama 36612