IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CYNTHIA PERRY,

          Plaintiff,

V.                                    No. 21-CV-02-JB

CASH APP CORPORATION,
SQUARE INC
CHIME FINANCIAL LLC,

          Defendants.
_____/

## OBJECTION TO ORDER OF DISMISSAL AS TO CASH APP CORPORATION

    Comes plaintiff CYNTHIA PERRY, by and through herself pursuant to all the applicable rules of Federal Civil Proc., objecting to the court's order dissing Cash App Corporation from this action sua sponte as inappropriate because it is apparent that the court has been having ex parte communication with the defendants in this case and issuing its order based solely upon the false or inaccurate reason that "... *all claims against all Defendants have been resolved.*"

    It is NOT TRUE that all claims against all defendants have been resolved. It is true that all claims against CHIME FINANCIAL LLC have been settled.

    It is pointed out that the settlement reached with Chime Financial LLC has absolutely no coverage for Cash App Corp. or any of its subsidiaries.

The "Settlement" reached with Chime did not include any admission by Chime, thus Chime has made no admission of guilt, and because plaintiff was harmed beyond the mere unlawful theft of her funds, but affects such theft had as well as potentially letting off the hook a guilty party in Cash App in the light of Chime has made no admission, and no discovery has been had which would exonerate Defendant Cash App.

Moreover, and lastly, Cash App through some unknown to plaintiff person, may not now move in this court since it has claimed by telephone to plaintiff that it

could not and would not answer until plaintiff changed to the of that Defendant from Cash App Corporation to that of Square Inc., claiming that Cash App "does not exist". If that is the case, then aarguably, it is unlawful to conduct business under a name which the holder of such business claims does not exist.

The mere fact that Chime may have chose to cut its loses when it reached a non-admission settlement with plaintiff, does not offer evidence that the remaining defendants therefore must be dismissed, particularly without any moving party.

Cash App's dismissal would be totally inappropriate under the circumstances as outlined here.

    Wherefore, the order of dismissal entered on April 2, 2021, as relates to the dismissal of Cash App Corporation should be VACATED.

Dated: 4-21-2021

Cynthia Perry, Plaintiff In Pro Se
2104 Wolf Ridge Road
Apt. #4
Whistler, Alabama 36612